565 P.2d 524

**PIMA COUNTY and Pima County Board of Supervisors, Appellants,**

v.

**ARIZONA TITLE INSURANCE & TRUST COMPANY, an Arizona Corporation, as Trustee under Trust No. 8017, Appellee.**

No. 2 CA–CIV 2265.

Court of Appeals of Arizona, Division 2.

March 2, 1977.

Rehearing Denied April 7, 1977.

Review Denied May 3, 1977.

Stephen D. Neely, Pima County Atty. by Albin R. Krietz, Deputy County Atty., Tucson, for appellants.

Robert C. Stubbs & Associates, P. C. by Robert C. Stubbs, Tucson, for appellee.

HATHAWAY, Judge.

This appeal is from a judgment ordering the Pima County Board of Supervisors to approve a subdivision plat without requiring street paving.

Appellee's predecessor submitted for approval by the Pima County Board of Super-

visors a tentative plat for Tucson Saguaro Estates, Lots 1–248, on June 26, 1972. This tentative plat covered "area one" (lots 1–67), "area two" (lots 68–101), the land which is the subject of this litigation, and 147 more lots. The tentative plat did not require paved streets and was approved by the county on August 28, 1972. Approval of tentative plats is effective for one year, but may be extended upon reapplication and review. County Zoning Plan, Pima County, Arizona, § 3326. The record does not indicate that this section was specifically called to the trial court's attention, rather it indicates that the subdivision coordinator testified that a subdivision tentative plat remains active if there is action on it and lapses if there is no action on it for over a period of one year. Inaction on the tentative plat with the exception of area one, resulted in lapsing with respect to the other areas embraced within the plat even on the record before the trial court.

On August 22, 1972, Pima County adopted a regulation requiring the paving of interior streets in all subdivisions. The regulation applied to all tentative plats filed after adoption of the regulation and to final plats filed after August 22, 1973. On August 28, 1972, the tentative plat was approved by the county. A final plat for area one, which did not require paving of streets, was recorded on January 3, 1973. In October 1973, the original developer sold area two to the present developer.

On June 3, 1974, the subdivision regulation was amended requiring paving of streets exterior to subdivisions but abutting its lots.

A new tentative plat for area two, required by the county because the original had lapsed, was filed on January 29, 1975. To avoid the paving regulations adopted prior to submission of the new tentative plat, appellee requested a waiver. Denial of the request by the Pima County Standards Committee on March 27, 1975, and by the county board of supervisors on September 22, 1975, prompted a special action asking that the board of supervisors be required to approve the plat without requir-ing paving. After a hearing on the special action, the superior court ordered the board of supervisors to approve the subdivision plat covering lots 68–101 without the requirement that the streets adjoining said lots be paved. This appeal followed.

Appellant presents two questions for review: (1) Did appellee fail to satisfy an existing subdivision regulation, i. e., the paving regulation? [As appellee puts it, did appellee have the right to rely upon approval of the initial tentative subdivision plat?] (2) Is the subdivision regulation reasonable? We answer both of appellant's questions in the affirmative and reverse.

As the chronology we have set forth reveals, that portion of the first tentative plat that was acted upon within the year of its effectiveness resulted in the approval and recordation of the final plat encompassing area one. The resultant subdivision was exempt from paving requirements by the terms of the approved tentative plat upon which it was premised and through specific provisions within the interim paving regulations exempting final subdivision plats filed on or before August 22, 1973.

 Appellee's filing of a tentative plat on January 29, 1975, for approval by the board of supervisors effectively acknowledged its predecessor's tentative plat had lapsed as to area two. The paving regulations having come into existence and effect, the second tentative plat was subject to them. Cf. *Robinson v. Lintz*, 101 Ariz. 448, 420 P.2d 923, 927 (1966), (holding that lots in subdivisions became "legally established" when the plat was properly recorded, thus establishing a "right to act upon subdivision plans complying with zoning regulations then in existence . . .") Also see *County of Maricopa v. Anzwool, Inc.*, 19 Ariz.App. 242, 506 P.2d 282 (1973), (following *Robinson* and holding that the board could not hold approval of plats in abeyance until after it had rezoned the area and then deny approval because the plat did not conform to new zoning.) As we have previously pointed out, the paving regulations were in existence when the effective tentative plat concerning area two was

brought before the board of supervisors. It thus lay within their prerogative to grant or deny a waiver of those regulations so long as the regulations were reasonable.

The local government exercising its land use control powers may require a developer to insure that new traffic and safety problems caused by the development will be solved. *Transamerica Title Ins. Co. v. City of Tucson*, 23 Ariz.App. 385, 533 P.2d 693 (1975). It is undisputed that the proposed development will increase traffic within and abutting the area. To declare a land use regulation unconstitutional, it must be affirmatively shown that the restriction "is clearly arbitrary and unreasonable" and without "any substantial relation to the public health, safety, morals or general welfare." *City of Phoenix v. Price*, 18 Ariz.App. 144, 500 P.2d 1132 (1972); *City of Tucson v. Arizona Mortuary*, 34 Ariz., 495, 272 P. 923 (1928). The regulation must be upheld if its reasonableness is "fairly debatable." *City of Phoenix v. Beall*, 22 Ariz. App. 141, 524 P.2d 1314 (1974).

Appellee's witness, Mr. Lowry, a civil engineer, testified to the advantages and disadvantages of paved roads in general, and particularly with reference to the area in question. He opined that the sandy soil texture posed minimal dust problems, and that special maintenance problems are where the paving and dirt roads joined. He testified that he would not recommend non-paving of subdivision streets as a general policy.

It was incumbent upon appellee to establish a rational distinction between its subdivision and others in the county subject to the paving regulation. Failing this, it has not met the burden of proof beyond the point where it is "fairly debatable." The regulation is reasonable.

We find appellee wanting in its proof and conclude the regulation is reasonable in its application to the subject property.

The judgment is reversed and it is ordered that the petition for special action filed in the superior court be dismissed.

HOWARD, C. J., and RICHMOND, J., concur.